IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:15-po-1861 |
| | ) | |
| YAHIA H. FAYED | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant, a taxi driver, pled not guilty to violating an official sign in violation of 36 C.F.R. § 4.12. The case was tried without a jury and taken under advisement. For the reasons stated below, the court finds defendant guilty.

The material facts shown by the evidence were not in dispute. Officer Lawrence Decker, a 23-year veteran of the United States Park Police, observed defendant in defendant's taxi on Memorial Avenue near the public entrance to Arlington National Cemetery. Memorial Avenue is within the Special Maritime and Territorial Jurisdiction of the United States and the jurisdiction of the Park Police.

When Officer Decker arrived, defendant was seated behind the wheel of his taxi, which was stationary at the curb of Memorial Avenue among several other taxis, with the engine running. Officer Decker observed that defendant was "looking down" as he sat. The taxi had no other occupants, and no one was in the vicinity approaching it or departing from it. Defendant claimed, when approached, that he had been in the process of making a u turn.

That entire area of Memorial Avenue is controlled by official signs which prohibit "parking" without a permit, which defendant did not possess.  Defendant introduced evidence that portions of another nearby National Park Area, under the control of a different superintendent, are posted with signs that say "No Stopping or Standing."

The dispositive issue, as the parties agree, is what conduct is prohibited by a sign controlling "parking."  Defendant argues that the difference between "parking" and "standing" is ambiguous in the absence of legislated distinctions, and that the Rule of Lenity requires that the ambiguity be resolved in his favor for a finding of not guilty.  The court disagrees.

Mindful that the court's proper role is to apply law and not write it, the court finds that the relevant terms here -- "stand" and "park" -- are appropriate for judicial construction of a sign implementing a traffic regulation in essentially the same way that Virginia's state courts have been called upon to construe the term "operator" over the years in applying the Commonwealth's operating-while-intoxicated statutes.[1]

The court finds in this respect that, assuming the Rule of Lenity applies in this situation, defendant has accorded it more force and weight than precedent justifies.  *See, e.g., United States v. Hayes*, 555 U.S. 415, 129 S. Ct. 1079, 1088 (2009) ("We apply the rule only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute. [The provision in question] . . . we acknowledge, is not a model of the careful drafter's art.  But neither is it grievously ambiguous. The text, context, purpose and what little there is of drafting history all point in the same direction." (internal quotes and cites omitted)).  The court finds a similar situation here.

---

[1] *See, e.g., Nicolls v. Commonwealth*, 212 Va. 257, 184 S.E.2d 9 (1971); *Sarafin v. Commonwealth*, 62 Va. App. 385, 748 S.E.2d 641 (2013).

Construing the terms together, with regard for the context and purpose of the sign in issue, the distinctions are simple and commonsense.   To begin with, "stop", which is not in issue here, means to make one's vehicle motionless, even for an instant.   "Stand" means to remain stopped for any length of time for any reason other than necessity (e.g., waiting one's turn in a queue at a stop sign).   "Park" means to remain standing for any reason other than picking up or discharging passengers or cargo.

The court so construes the sign that controlled defendant's location, finds that he parked illegally, and finds him guilty of violating an official sign.

This ruling is consistent with the manner in which the no-parking requirement has been uniformly enforced by the Park Police on Memorial Avenue in this judicial officer's experience.   Taxi drivers frequently park there illegally for convenience or in hope of fares from the national cemetery, and just as frequently they are ticketed by the Park Police.   In twenty years of adjudications, this judicial officer has not previously heard the defense that the signs or their application by the Park Police were improperly ambiguous, and the court has no reason to find so now.

The Clerk will docket the finding of guilt and docket the case for November 19, 2015 at 10:00 a.m. for sentencing.

It is so ORDERED.

                                        _____/s/_____
                                        Thomas Rawles Jones, Jr.
                                        United States Magistrate Judge

Alexandria, Virginia
November 2, 2015